UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GABRIEL WOLFE                                                                    PLAINTIFF

v.                                              No. 2:22-cv-2048

JOHNSON COUNTY AR., et al.                                                       DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendant Johnson County's second motion (Doc. 36) for summary judgment, memorandum brief (Doc. 37) in support, and statement of facts (Doc. 38). Plaintiff Gabriel Wolfe has not filed a response, and the motion is now ripe. For the reasons discussed below, Johnson County's second motion for summary judgment will be GRANTED.

Plaintiff Gabriel Wolfe sued Johnson County, the Johnson County Sheriff's Department, Sheriff Jimmy Stephens (in his official capacity), Deputy Jordan Hawkins (in his individual and official capacities), and Deputy Christopher Rogers (in his individual and official capacities). Wolfe alleges that he was unlawfully arrested and searched by Deputies Hawkins and Rogers. (Doc. 2, p. 3). Wolfe brought a claim under 42 U.S.C. § 1983 and claims under Arkansas state law for intentional infliction of emotional distress, false imprisonment, and false arrest. Deputies Hawkins and Rogers (hereinafter "Deputies") filed one motion for summary judgment and the other defendants (hereinafter "County Defendants") filed another. Both motions focused on the Section 1983 claims and failed to address the state-law claims. This Court ultimately granted the County Defendants' motion for summary judgment as to the Section 1983 claims, denied the Deputies' motion as to the Section 1983 claims, and denied both motions to the extent that they sought summary judgment on the unaddressed state-law claims. (Doc. 33, p. 8). The Court later granted the County Defendants leave to file a second motion for summary judgment addressing

the state-law claims, which counsel for the County Defendants had inadvertently omitted from the original motion. That second motion is now before the Court.

On a motion for summary judgment, the burden is on the moving party to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant has met its burden, the nonmovant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). For there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A mere scintilla of evidence is insufficient to defeat summary judgment and if a nonmoving party who has the burden of persuasion at trial does not present sufficient evidence as to any element of the cause of action, then summary judgment is appropriate." *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010) (quotations and citations omitted).

"When a public employee is sued in his official capacity, the plaintiff is suing 'only the public employer and therefore must establish the municipality's liability for the alleged conduct.'" *Furlow v. Belmar*, 52 F.4th 393, 406 (8th Cir. 2022) (quoting *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016)). Therefore, despite Sheriff Stephens being a named defendant in his official capacity, the County Defendants consist only of the County as a legal matter.

Under Arkansas law, "[n]o tort action shall lie against any political subdivision because of the acts of its agents or employees." Ark. Code Ann. § 21-9-301(b). Intentional infliction of emotional distress, false arrest, and false imprisonment all sound in tort. *Sawada v. Walmart Stores, Inc.*, 473 S.W.3d 60, 69 (Ark. Ct. App. 2015) (discussing "[t]he tort of outrage—also

2

known as intentional infliction of emotional distress"); *Trammel v. Wright*, 489 S.W.3d 636, 638 (Ark. 2016) (discussing "the intentional torts of false arrest [and] false imprisonment"). Here, there is no indication from the evidence that the County directed or acquiesced in the Deputies' conduct. Indeed, Wolfe's opposition to the County's original motion for summary judgment indicates that Wolfe was never processed or detained by the County, but rather released by Hawkins shortly after arriving at the detention center. (Doc. 26, p. 2). Further, the only fault Wolfe has found with the County's procedures and policies is that the policies governing arrest make no mention of identification procedures. *See* Plaintiff's Statement of Facts in Opposition to Johnson County's Motion for Summary Judgment (Doc. 25, p. 2). This does not equate to the County itself having committed intentional infliction of emotional distress, false arrest, or false imprisonment. Therefore, because the County itself did not commit the torts and cannot be held liable for the Deputies' torts, summary judgment is proper for the County.

IT IS THEREFORE ORDERED that Johnson County's second motion (Doc. 36) for summary judgment is GRANTED. All claims against the County, including all claims against the Sheriff's Department and against County employees in their official capacities, are hereby dismissed. Because no claims remain pending against the County Defendants, the Clerk is directed to remove them as parties to this action.

IT IS SO ORDERED this 5th day of May, 2023.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE